IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| Ricky Sauseda, individually and on behalf of all those similarly situated, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action Number: _____ |
| v. | § § | Collective Action |
| | § | |
| Chambers Protective Services, Inc., John Chambers and Christina Chambers, | § § § | Jury Demanded |
| | § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Ricky Sauseda ("**Plaintiff**"), individually and on behalf of all others similarly situated ("**Class Members**"), brings this Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("**FLSA**") suit against the above-named Defendants and shows as follows:

1. **Parties.**

    1.1. Plaintiff is an individual residing in the Northern District of Texas. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party plaintiff is being filed with the Court.

    1.2. The Class Members are other security guards that were employed by Defendants at any time after the three years preceding the filing of this lawsuit and were not paid overtime as required by the FLSA.

    1.3. Chambers Protective Services, Inc. ("**CPS**") is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated

to ensure that all employees are paid in accordance with the FLSA. Defendant CPS's office address is 6 West Henderson Road in Indian Lake, Texas.

1.4. Upon information and belief, John Chambers is an individual and a Texas resident. John Chambers can be served at 6 West Henderson Road in Indian Lake, Texas.

1.5. Upon information and belief, Christina Chambers is an individual and a Texas resident. Christina Chambers can be served at 6 West Henderson Road in Indian Lake, Texas.

1.6. CPS, John Chambers and Christina Chambers are collectively referred to as "**Defendants**."

2. **Jurisdiction and Venue.**

    2.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

    2.2. Defendants carry on substantial business in the Northern District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

    2.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

3. **Coverage.**

    3.1. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

3.2. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

3.3. At all times hereinafter mentioned, Defendants have been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

3.4. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). CPS engages employees to provide security services to facilities which operate equipment that has traveled in interstate commerce. The equipment at the facility at which the Plaintiff works includes solar panels and electricity producing equipment. Additionally, the solar farm sells electricity into the interstate grid.

3.5. John Chambers had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, John Chambers had operational control of significant aspects of CPS' day-to-day functions and independently exercised control over the work environment. John Chambers had direct involvement in the day-to-day operation of CPS and had some direct

responsibility for the supervision of the employees. John Chambers set work schedules and made work assignments.

3.6. John Chambers: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

3.7. John Chambers acted, directly or indirectly, in the interests of an employer in relation to Plaintiff and the Class Members.

3.8. Christina Chambers had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Christina Chambers had operational control of significant aspects of CPS' day-to-day functions and independently exercised control over the work environment. Christina Chambers had direct involvement in the day-to-day operation of CPS and had some direct responsibility for the supervision of the employees. Christina Chambers set work schedules and made work assignments.

3.9. Christina Chambers: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

3.10. Christina Chambers acted, directly or indirectly, in the interests of an employer in relation to Plaintiff and the Class Members.

3.11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.  He provided security services to facilities which operate equipment that has traveled in interstate commerce.  The equipment at the facility at which the Plaintiff works includes solar panels and electricity producing equipment that were manufactured out of state.  Additionally, the solar farm sell electricity into the interstate grid.

3.12. Plaintiff was employed by Defendants within the applicable statute of limitations.

4. **Factual Allegations.**

    4.1. CPS provides security services to facilities located throughout the state of Texas.

    4.2. On information and belief, John Chambers and Christina Chambers are the founders and owners of CPS.  John Chambers and Christina Chambers are considered "employers" under the FLSA because of, among other things, their operational control over CPS.

    4.3. Plaintiff worked for Defendants as a security guard.

    4.4. Plaintiff's job responsibilities consisted of providing security services at facilities of CPS' clients.

    4.5. Plaintiff was paid on an hourly basis.  Plaintiff was paid straight time only.  Plaintiff was not paid time and one half for any hours worked.

    4.6. Plaintiff's normal shift rotation was 4 days on and 4 days off.  When on shift Plaintiff routinely worked 12 hours per shift and many times more than that.

4.7. Thus, Plaintiff and the Class Members regularly worked in excess of 40 hours a week. Plaintiff was not paid at an overtime rate for any of the hours.

4.8. Defendants did not pay Plaintiff, and similarly situated employees, time-and-one-half their regular rate of pay for the hours that Plaintiff and similarly situated employees worked over 40 hours a week.

4.9. Upon information and belief Defendants are aware that the FLSA requires payment at the overtime rates for all hours over 40 in a workweek but disregarded the requirement in an attempt to maximize CPS' profits. Defendants intentionally disregarded the FLSA overtime requirements.

4.10. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

4.11. Plaintiff has retained the Law Office of Chris R. Miltenberger, PLLC to represent him in this litigation and has agreed to pay a reasonable fee for its services.

**5. Collective Action Allegations.**

5.1. Other employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Upon information and belief other security guards were paid in the same manner as Plaintiff, i.e., no statutory overtime pay for hours worked in excess of 40 per workweek. The illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

5.2. The Class Members performed job duties typically associated with non-exempt employees. Their duties were routine and did not require the exercise of

independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

5.3. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

5.4. Defendants' failure to pay overtime compensation at the rates required by the FLSA is a result of generally applicable pay policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

5.5. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

5.6. Accordingly, the class of similarly situated plaintiffs is properly defined as:

    **5.6.1. All security guards who worked for CPS in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

5.7. Plaintiff brings this action on behalf of similarly situated employees.

5.8. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

6. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

   6.1. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

   6.2. During the relevant period, Defendants have violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

   6.3. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

   6.4. Defendants did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

7. **Jury Demand.**

   7.1. Plaintiff demands a trial by jury herein.

8. **Relief Sought.**

    8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover jointly and severally from Defendants, the following:

    8.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

    8.1.2. An Order requiring Defendants to provide the names, addresses, telephone numbers and email addresses of all potential Class Members;

    8.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

    8.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

    8.1.5. All unpaid wages and overtime compensation;

    8.1.6. An award of liquidated damages;

    8.1.7. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

    8.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

    8.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By: ___/s/ *Chris R. Miltenberger*___
     Chris R. Miltenberger
     Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com


**Attorney for Plaintiff**